## DOUCET v. RICHARDSON.

A sale of chattels is invalid as to creditors of the vendor when the property is allowed to remain in his use and possession.

REPLEVIN of a horse. Facts found by the court. July 13, 1889, Onesime Hamel sold the horse in suit to William Doucet (the plaintiff's father) for the price of $145, to be paid in one year with interest. Doucet resided in Newmarket and carried on the business of a baker, using the horse in his business. During the year ending in July, 1890, William Doucet paid Hamel $47.90 of the price of the horse. At the end of the year he was unable to pay the balance. August 2, 1890, Hamel, then residing in Plaistow, went to Newmarket to collect the balance due him. On his way to Doucet's house he saw the plaintiff, who promised to meet him shortly at his father's house. Hamel went to Doucet's

house. Doucet told him he could not pay the balance due for the horse, and must sell him to get the money to pay up. Hamel replied that he need not do that, for he would take him back. Doucet agreed to this. At this point, and before anything further was done, the plaintiff arrived at his father's house, and proposed to buy the horse. Hamel thereupon sold him to the plaintiff. It was agreed between Hamel, William Doucet, and the plaintiff that. Hamel should keep the sum of $47.90, previously paid by William Doucet, in part payment of the price and for interest on the unpaid balance to that date, and that the plaintiff should pay Hamel $103 in monthly instalments of $25. Hamel did not take possession of the horse, nor did he undertake to deliver possession of him to the plaintiff, nor did the plaintiff receive possession of him from William Doucet. It was understood between the plaintiff and his father that the latter should use the horse for his keeping as long as the plaintiff should board with his father. The horse remained in William Doucet's stable where he had been previously kept, was cared for and kept by William Doucet, and was used by him in his business as before, until, in July, 1891, he was attached as the property of Doucet & LeClerc by the defendant as deputy sheriff on a writ against them. The plaintiff paid for the horse in monthly instalments, varying from $5 to $15. The last payment was made June 15, 1891, when Hamel gave the plaintiff a bill of sale of him. The payments were made through his father. Both parties claim judgment. If the plaintiff is entitled to recover, his damages are assessed at one dollar. If the defendant is entitled to judgment, his damages are assessed at $145.

*William H. Paine*, for the plaintiff.

*Charles H. Knight*, for the defendant.

CLARK, J. William Doucet bought the horse of Hamel and became its owner in July, 1889, and from that time until the attachment by the defendant in July, 1891, the horse was not out of his possession. The contract between William Doucet, Hamel, and the plaintiff vested the title to the horse in the plaintiff, as between those parties; but there being no change of possession, the horse remaining in the custody and use of William Doucet was liable to attachment by his creditors. It is unnecessary to cite authorities to the point that a sale of chattels is invalid as to creditors of the vendor when the property is allowed to remain in his use and possession.

*Judgment for the defendant.*

SMITH, J., did not sit: the others concurred.