Rockingham, )
Feb. 6, 1906. )

LOCKE & a.   v.   NEW ENGLAND BRICK CO. & a.

The rule that a mortgage of personal property is invalid as to subsequent
attaching creditors when there is an understanding that until default the
mortgagor shall retain possession and use or dispose of the property for his
own benefit, without accounting to the mortgagee for the proceeds, applies
to after-acquired property mortgaged by a corporation under chapter 66,
Laws 1901.

BILL IN EQUITY, to determine the claims of the parties to the
proceeds of certain property sold by agreement.    Transferred
from the April term, 1905, of the superior court by *Stone*, J.,
without a ruling.

The plaintiffs are the receiver of the New England Brick Com-
pany appointed by the United States circuit court and the trus-
tees under a mortgage executed by that corporation in November,
1901, which in terms included all property then owned or there-
after to be acquired by the Brick Company.   The defendants are
the Brick Company and some of its creditors who attached wood
and bricks as the property of the corporation prior to the appoint-
ment of the receiver.

The mortgage was not made to delay creditors, but was given
in good faith to secure the payment of bonds issued by the Brick
Company.   At the time it was made, the parties contemplated
that the mortgagors should retain possession of the mortgaged
property and continue the manufacture and sale of bricks until
default, and that they should in this way dispose of and use all
the wood and bricks they had on hand and such as they should
thereafter acquire, for their own benefit, without accounting to the
mortgagees for the proceeds.   The mortgagors carried on the
business in this way until February, 1904, when the other defend-
ants brought suits and attached the wood and bricks as the prop-
erty of the mortgagors.   As soon as this was done a receiver was
appointed, who sold the attached property and now holds the pro-
ceeds under an agreement to apply them as the property should
have been applied.

*Sargent, Remick & Niles, John Kivel, George T. Hughes*, and
*Edmund S. Cook*, for the plaintiffs.

*Arthur O. Fuller, Eastman, Scammon & Gardner, Louis G.
Hoyt*, and *Felker & Gunnison*, for the defendants.

YOUNG, J.   Unless the Brick Company were authorized to mortgage after-acquired property by chapter 66, Laws 1901, the plaintiffs cannot recover.   *Pierce* v. *Emery*, 32 N. H. 484.   If foreign corporations are included within the operation of this statute (*In re Prime*, 136 N. Y. 347), it will be unnecessary to decide whether the rule, that when a mortgage of after-acquired property is in all other respects valid equity will sustain it as against the mortgagors and all those claiming through them who either knew or ought to have known of the mortgage when their cause of action accrued,—the rule for which the plaintiffs contend (*Holroyd* v. *Marshall*, 10 H. L. Cas. 191; *Mitchell* v. *Winslow*, 2 Sto. 630),—prevails in this jurisdiction (*Pierce* v. *Emery*, 32 N. H. 484, 506), for under such a construction of the statute, at the time the mortgage was made the Brick Company would be authorized by statute to mortgage after-acquired property.   So, in that view of the law, if the parties had wished they could legally have included within the operation of the mortgage in question, not only any wood and bricks then on hand, but also any they should acquire while the mortgage was in force; and it would be valid, not only against the mortgagors and those claiming through them with notice of the mortgage, but also against all the world if the mortgage were properly recorded.   Consequently, conceding the plaintiff's contentions to be sound on these points, this mortgage would be valid in so far as the defendant creditors are concerned, even if the parties intended that it should cover all the wood and bricks that the mortgagors should subsequently acquire, unless it is voidable for other reasons.

But a mortgage of personal property is invalid as to subsequent attaching creditors when there is an understanding between the parties, either at the time the mortgage is made (*Wilson* v. *Sullivan*, 58 N. H. 260) or later (*Putnam* v. *Osgood*, 52 N. H. 148), that until there is a default the mortgagors shall retain possession of the mortgaged property and use it or dispose of it for their own benefit without accounting to the mortgagees for the proceeds. *Hodgdon* v. *Libby*, 69 N. H. 136; *Wilson* v. *Sullivan*, 58 N. H. 260; *Putnam* v. *Osgood*, 52 N. H. 148; *S. C.*, 51 N. H. 192; *Coolidge* v. *Melvin*, 42 N. H. 510; *Ranlett* v. *Blodgett*, 17 N. H. 298.   This is also the rule in most of the states.   See 5 Am. & Eng. Enc. Law 995, and 6 Cyc. 1104–1120, where the authorities are collated.   If it is true, as the plaintiffs contend, that the weight of authority is opposed to this rule, and that the reasons which have been given for sustaining it are illogical or even absurd, it is a sufficient answer to say that the rule is " too firmly established in our jurisprudence to be reversed by judicial action." *Thompson* v. *Esty*, 69 N. H. 55, 63; *Hodgdon* v. *Libby*, 69 N. H.

136; *Mandigo* v. *Healey,* 69 N. H. 94; *Sanborn* v. *Wilder,* 68
N. H. 471; *Janelle* v. *Denoncour,* 68 N. H. 1; *Watkins* v. *Arms,*
64 N. H. 99; *Stratton* v. *Putney,* 63 N. H. 577; *Parsons* v. *Hatch,*
63 N. H. 343; *Gerrish* v. *Gerrish,* 63 N. H. 128; *McDonough* v.
*Prescott,* 62 N. H. 600; *Sanborn* v. *Putnam,* 61 N. H. 506; *Par-
ker* v. *Marvell,* 60 N. H. 30; *Tilton* v. *Sanborn,* 59 N. H. 290;
*Flagg* v. *Pierce,* 58 N. H. 348; *Plaisted* v. *Holmes,* 58 N. H. 293;
*S. C.,* 58 N. H. 619; *Cutting* v. *Jackson,* 56 N. H. 253; *Lang* v.
*Stockwell,* 55 N. H. 561; *Carter* v. *Grimshaw,* 49 N. H. 100;
*Shaw* v. *Thompson,* 43 N. H. 130; *Clapp* v. *Rogers,* 38 N. H. 435;
*Ladd* v. *Wiggin,* 35 N. H. 421; *Kendall* v. *Fitts,* 22 N. H. 1;
*Low* v. *Carter,* 21 N. H. 433; *Seavy* v. *Dearborn,* 19 N. H. 351;
*Morse* v. *Powers,* 17 N. H. 286; *Towle* v. *Hoit,* 14 N. H. 61;
*McConihe* v. *Sawyer,* 12 N. H. 396; *Boardman* v. *Cushing,* 12
N. H. 105; *Clark* v. *Morse,* 10 N. H. 236; *Tifft* v. *Walker,* 10
N. H. 150; *Page* v. *Carpenter,* 10 N. H. 77; *Winkley* v. *Hill,* 9
N. H. 31; *Paul* v. *Crooker,* 8 N. H. 288; *Smith* v. *Lowell,* 6 N. H.
67; *Trask* v. *Bowers,* 4 N. H. 309; *Parker* v. *Pattee,* 4 N. H.
176; *Coburn* v. *Pickering,* 3 N. H. 415.

Does this rule apply to after-acquired property mortgaged by
virtue of the power given by the act of 1901? If it does, it will
not be necessary to decide whether the parties intended the mort-
gage to cover the wood and bricks, for if they did it would be
void as to these defendants. The legislative intent is expressed
very briefly: "Any corporation making a mortgage of its property
and franchises to secure its bonded or other indebtedness may
include therein property and franchises it may thereafter acquire."
Laws 1901, *c.* 66. There is in this no apparent purpose to per-
mit manufacturing and trading corporations to mortgage after-
acquired property in a way they could not mortgage property in
their possession. If that had been the legislative intent, it is very
probable apt words would have been used to express it. The
words of this act are not such as the legislature would be expected
to use if they intended to give the right to make a mortgage of
after-acquired property which would be invalid if it covered prop-
erty in possession, but are such as they would be expected to use
if it was intended that mortgages of both classes of property
should stand alike. The mere fact that the statute gives corpora-
tions the right to mortgage after-acquired property does not give
them the right to dispose of it after it has been mortgaged, for
their own benefit.

*Case discharged.*

All concurred.