Cheshire,
Jan. 5, 1909.

## W. P. CHAMBERLAIN CO. v. TUTTLE.

Where the parties to a sale of personalty agree that the property shall remain in the possession of the vendor, without anything to indicate the change of title or to give notoriety to the transaction, such unexplained retention of possession is a conclusive badge of fraud, which renders the sale invalid as against a subsequent purchaser or an attaching creditor without notice.

TRESPASS *de bonis.* Trial by the court and order of judgment for the defendant. Transferred from the April term, 1908, of the superior court by *Stone*, J.

March 14, 1908, the defendant, sheriff of the county, duly attached upon a valid writ the property in question, which was furniture in a hotel at Marlborough, as the goods of George L. Cutting, without notice of the plaintiffs' claim. They claimed the property under a bill of sale from Cutting given the same day, but before the attachment. There was no delivery of the property to the plaintiffs, but it remained in the hotel, which was open and occupied by Cutting. The sale was made at the plaintiffs' place of business in Keene, six miles from the hotel, on Saturday afternoon. The plaintiffs did not then go to take possession of the property because there was not time to take up the carpets before dark; but they intended to take possession Monday morning, and so arranged with Cutting.

*John E. Allen* and *Charles H. Hersey*, for the plaintiffs.

*Joseph Madden*, for the defendant.

PARSONS, C. J. In the absence of an exception to the order of judgment, there is no question before the court. Assuming from the transfer of the case that the plaintiffs excepted to the order, they take nothing by such exception. By the terms of sale, the property was left in Cutting's possession until the following Monday, without anything to indicate the change of title or to give notoriety to the sale. Such unexplained retention of possession is a conclusive badge of fraud, which renders the sale invalid as against a subsequent purchaser or attaching creditor without notice. "It is unnecessary to cite authorities to the point that a sale of chattels is invalid as to creditors of the vendor when the property is allowed to remain in his use and possession." *Doucet* v. *Richardson*, 67 N. H. 186, 187. See cases collected in *Locke* v. *Brick Co.*, 73 N. H. 492, 493, 494.

Evidence that it was more convenient to delay the delivery does

not authorize a finding that delivery was impossible. If at the time of the sale manual delivery could not be made because the negotiators were at a distance from the property, the arrangement that the vendees should not go to the hotel where the vendor lived to take possession until a later date permitted the vendor to resume the actual possession with all the *indicia* of ownership and to retain the use of the chattels in the meantime. "It is the open possession by the vendor as ówner that works the fraud." *Corning* v. *Records*, 69 N. H. 390, 395. It could not be found upon the facts that the situation was such that there could be no delivery. *Ricker* v. *Cross*, 5 N. H. 570, 571, 572; *Corning* v. *Records, supra.* The parties agreed that there should be none, and this secret agreement renders the sale invalid against the subsequent attaching creditor.

*Judgment for the defendant.*

All concurred.