In re SHELLY.

(District Court, D. New Jersey. August 28, 1916.)

BANKRUPTCY ☞140(1)—PROPERTY PASSING TO TRUSTEE—CONSTRUCTION OF BUILDING CONTRACT.

Under provisions of a building contract authorizing the owner, on default of the contractor, to finish the building at his expense, and that all materials delivered on the premises should be the property of the owner, any remaining after completion of the building to belong to the contractor, where the contractor ceased work and became bankrupt, his trustee was not entitled to unused materials then on the premises, although having the status of a creditor, with an execution or lien given him by Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), but the owner had the right to use such material in completing the building, being liable to the trustee only for whatever, if anything, remained due on the contract price after deducting the expense incurred in addition to such material.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199; Dec. Dig. ☞140(1).]

In Bankruptcy. In the matter of Oswin W. Shelly, bankrupt. On review of decision of referee. Affirmed.

David W. Kahn, of New York City, for trustee.
Wm. S. Bennet, of New York City, for E. & Z. Van Raalte.

RELLSTAB, District Judge. E. & Z. Van Raalte, a corporation, in November, 1913, entered into a written contract with Oswin W. Shelly for the erection by him of a building. Payment was to be made as the work progressed, based on the architect's estimate; 20 per cent. being retained until the completion of the work. The contract provided, inter alia:

· "Fourth. Should the contractor at any time during the progress of said work refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have power to provide materials and workmen, after three days' notice in writing being given to finish the said work, and the expense shall be deducted from the amount of the contract."

"Ninth. All work and materials delivered on the premises to form part of the works are to be considered the property of the owner and are not to be removed without its consent, but the contractor shall have the right to remove all surplus materials after the completion of the work."

These provisions are common in building contracts made in New Jersey and are intended for the protection of the owner. Shelly began work and received one payment. He ceased work on December 13, 1913, and a few days thereafter became bankrupt. During the progress of the work materials for use in said building, but not actually used by him, appraised at $1,782.52, were brought upon the premises, and were still there at the time the petition in bankruptcy was filed. Upon the failure of the bankrupt to proceed with the work after being notified as provided for by paragraph 4 of the contract, E. & Z. Van Raalte (hereafter called the owner) finished the work, the materials remaining on the premises being used in completing the construction.

The cost of completing the work exceeded the contract price by more than the appraised value of said materials. The proceedings under review were for the purpose of determining whether said owner or the trustee in bankruptcy was entitled to said materials. The referee decided in favor of the owner, relying on Duplan Silk Company v. Spencer, 115 Fed. 689, 53 C. C. A. 321. In that case it was held by the Circuit Court of Appeals for this circuit that:

A provision of a building contract that the owner may, in case of default by the contractor, proceed to finish the building himself, and, to that end, use materials brought by the contractor on the ground for the purposes of the building, being accountable to the contractor for any excess of the unpaid contract price over the cost of completion, is not one for a forfeiture, which must be strictly construed against the owner, since it does not involve the taking of any property of the contractor by way of penalty or punishment, but is in the interest of both parties, and is to be fairly construed to effect its purpose.

The trustee contends that to the facts of the present case such decision is inapplicable, but, if it covered such facts, it was superseded by the amendment of June 25, 1910, to section 47 of the Bankruptcy Act, and cites Titusville Iron Co. v. N. Y., 207 N. Y. 203, 100 N. E. 806, as an authority for such contention, and that the trustee, and not the owner, is entitled to the value of the said materials.

The difference in facts is said to be that in the Spencer Case the owner, after finishing the building on the default of the contractor and appropriating unused materials in doing so, was accountable to the contractor for any excess of the unpaid contract price over the cost

of completion, while in the instant case the materials brought upon the premises became the property of the owner by virtue of the ninth paragraph of the contract, and that it would not be accountable to the builder for such appropriation.

I do not think this is the proper construction of that paragraph. It is to be read in the light shed upon it by the other provisions of the contract, notably the fourth paragraph. Under the ninth paragraph the interest of such owner in the materials delivered on the premises was not absolute. To the contractor was reserved the right to remove all surplus materials remaining after the completion of the works. Under paragraph 4 only the expense to the owner of finishing the building was to be charged against the builder, so that it is manifest, if the materials left on the premises were used in completing the building, the cost of finishing would be less by just the value of said materials. In case the cost was less than the amount of the contract price, the surplus belonged to the builder. If it exceeded such price, the amount of damages for which the builder was liable for not performing his contract would be less by the value of the materials so used.

On the facts, the Spencer Case is still authoritative. Did the amendment of 1910 change the law, so as to make that case no longer controlling? Said amendment has undoubtedly wrought a great and a beneficial change in favor of the general creditors. Their representative, the trustee, is no longer pinched by the close-fitting shoes in which he was theretofore said to stand. He now has the more serviceable footing of a judgment creditor holding an execution duly returned unsatisfied or a creditor holding a lien by legal or equitable proceedings. Section 47a (2), Bankruptcy Act.

What is the character of the interest which the owner secured in said materials? If the bankrupt had used said materials in the building, and then gone into bankruptcy, and the building was thereafter completed by the owner at a cost greater than the contract price, the value of said materials would not be an asset in the bankrupt's estate, and would hardly have been claimed as such by the trustee. Yet in principle, though not in form, that is just what the trustee now claims. The contract expressly authorized the finishing of the building by the owner when the contractor failed to do so, and while in terms it did not contemplate a loss when finished by the owner, yet a loss was necessarily implied as a possibility.

The loss incurred in completing the building was less by the value of the materials on hand and used than it would have been in the absence of such materials, and the appropriation of said materials in accordance with the express terms of the contract, in the absence of fraud, cannot be made the basis of mulcting the owner, merely because it inured to its benefit. Those materials, after being used in said building, are in a situation no different, so far as the present controversy is concerned, from that which would have existed if they had been put into the building by the bankrupt, and he had then finished it at a loss to himself.

Had these materials been used otherwise than in completing said building, or had the owner not having so used them refused to deliver them to the trustee, it would be liable for their value. Having used them in the way authorized by the contract, and such use having reduced the loss in finishing the building, neither the building into which said materials were put, nor the owner thereof, would be liable for their value to a creditor holding an unsatisfied execution or lien, and hence not liable to the trustee in bankruptcy. Duplan Silk Co. v. Spencer, supra, 115 Fed. 695, 53 C. C. A. 321, so held, and no case in New Jersey has been brought to my attention that holds otherwise. The only interest the bankrupt had in such materials, and the only one that could be reached by any one of his creditors, whether through legal or equitable proceedings, was the possible one of there being a surplus, after deducting the cost of finishing such building, over the contract price, and that, as already noted, is nonexistent in this case.

In Titusville Iron Co. v. City of N. Y., supra., the case principally relied upon by the trustee, the contract between the owner and builder was radically different in respect to the rights of the contractor. It provided that the expense incurred in the completion of the contract—

"shall be a charge against the contractor, who shall pay to the party of the first part [city] the excess thereof, if any, over and above the unpaid balance of the amount to be paid under this contract; and the contractor shall have no claim or demand to such unpaid balance, or by reason of the nonpayment thereof to him, and shall forfeit all claim to any moneys retained."

This provision distinguishes that case from the one now considered as well as the Spencer Case. In the New York case the contract provided for a forfeiture of the contractor's property in case of his default, whereas in the Spencer and in the instant case, as shown, a forfeiture was neither agreed upon nor claimed by the owner. The difference in the two classes of cases was recognized by the New York court, for in that behalf it said:

"There is a vital distinction between the contract in the case of Duplan Silk Co. v. Spencer, 115 Fed. 689 [53 C. C. A. 321], and the one in the case at bar. There, as pointed out in the opinion, there was no forfeiture of unused materials, but they were applied to the completion of the contract, and if the contract was completed at a cost less than that which would be due the contractor, had he finished the contract, he was entitled to the surplus. In the present case it is expressly provided that the contractor shall have no claim for any unpaid balance, and shall forfeit all claims to any moneys retained. Therefore, if, on the other questions, the case cited were an authority in this state, the distinction pointed out would make the decision there rendered inapplicable to the present case."

The Spencer Case, in my judgment, has not been superseded by the said amendment of 1910, and still furnishes the rule governing the decision of this case.

The referee's decision is affirmed