## In re SHELLY.

### MacEVOY v. E. & Z. VAN RAALTE, Inc.

(Circuit Court of Appeals, Third Circuit. May 24, 1917.)

No. 2179.

1. BANKRUPTCY ⬤ᵼ446—REVIEW—PETITION TO REVISE—QUESTIONS OF FACT.
    On petition to revise an order affirming a decision of the referee, a fact found by the referee must be accepted.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929.]

2. BANKRUPTCY ⬤ᵼ140(1)—PROPERTY VESTING IN TRUSTEE—RIGHTS OF THIRD PERSONS.
    A building contract provided that, if the contractor refused or neglected to supply a sufficiency of materials or workmen the owner might provide them and deduct the expense from the amount of the contract, and that all work and materials delivered on the premises to form part of the works would be considered the property of the owner and not be

moved without its consent, but that the contractor should have the right to remove all surplus materials after the completion of the work. When a petition in bankruptcy was filed against the contractor, materials not yet incorporated in the building were on the ground. *Held*, that the owner's right thereto under the contract was superior to the right of the trustee under the amendment of 1910 giving the trustee the status of a lien creditor as of the time the petition is filed, as the lien of a creditor would have been subordinate to the owner's rights.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199.]

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

In the matter of Oswin W. Shelly, bankrupt. On petition by Clifford F. MacEvoy, trustee, to revise an order (235 Fed. 311) affirming a decision of the referee in favor of E. & Z. Van Raalte, Incorporated. Order affirmed.

Olcott, Gruber, Bonynge & McManus, of New York City (Harold Riegelman, of New York City, of counsel), for appellant.

William S. Bennett, of New York City, for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This dispute arises upon the following facts:

Shelly was a building contractor, and on November 3, 1913, undertook to erect a mill for $76,000 at Paterson, N. J., for E. & Z. Van Raalte, a corporation. Sections 4 and 9 of the contract are as follows:

"Sec. 4. Should the contractor at any time during the progress of said work refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have power to provide materials and workmen, after three (3) days' notice, in writing, being given, to finish the said work, and the expense shall be deducted from the amount of the contract."

"Sec. 9. All work and materials delivered on the premises to form part of the works are to be considered the property of the owner and are not to be removed without its consent; but the contractor shall have the right to remove all surplus materials after the completion of the work."

The contract was duly recorded in the clerk's office of the proper county. On November 29 Shelly applied for a payment on account, and on December 2 received the architect's certificate for $3,000; this sum being paid him on December 5. Ten days later the petition in bankruptcy was filed, and at that time materials appraised at $1,787.-52 were on the ground, but not yet incorporated in the building. The receiver (who is now the trustee) claimed the property as the bankrupt's, and a claim was also made by the Van Raalte Company on two grounds: (1) That the materials had already been paid for by the $3,000; and (2) that sections 4 and 9 gave them a right superior to the receiver's or the trustee's. By agreement the company used the property in completing the building, undertaking to pay its value to the trustee if the dispute should be decided in his favor. The total cost of the building to the company was more than $79,000. The referee and the District Court decided in favor of the company, the court's opinion being reported in 235 Fed. 311, and in this proceeding

the trustee raises two questions: First, whether the company had paid for the materials in full; and, second, whether his own title is better than the title of the company.

[1] 1. The referee considered the question of payment to be immaterial, and the District Court did not discuss it at all. If the matter were important, we may note that the referee found as a fact (and in this proceeding the fact must be accepted) that of the property found at the date of bankruptcy only certain items valued at $666.60 had been on the ground when Shelly received the architect's certificate; the rest having been delivered since that time. But we agree that the decisive question is the second, viz. the effect of the contract, and to that we turn for a brief consideration.

[2] 2. Only a few words are necessary, for Judge Rellstab has come to a satisfactory conclusion, and we shall add little to what he has said. In our opinion the decision of this court in Duplan Co. v. Spencer (C. C. A. 3) 115 Fed. 689, 53 C. C. A. 321 (writ of error dismissed for want of jurisdiction, 191 U. S. 526, 24 Sup. Ct. 174, 48 L. Ed. 287), is controlling, and we shall confine ourselves to explaining why we think the amendment of 1910 has not impaired the force of that ruling as applied to the facts now before us. A fresh examination of the Duplan opinion shows that the reasoning of Judge Gray took the following course: The relevant article there was more elaborate than the provisions in the present contract; but the object in both cases is the same, namely, to give the owner of the premises security for such advances as he may make, and the right to use the materials on the ground to finish the building. Under article 5 of the Duplan agreement, the materials thus brought upon the premises by the contractor and appropriated to the building were considered to be so far delivered to the owner as to make them a security for his advances. A quasi or qualified right of property therein, and a possession not inconsistent with the contractor's right and duty to incorporate them in the building, resulted from their delivery and their appropriation to the building. This being so, the security would have been of little avail if the materials themselves could have been taken away, either by an execution or by a trustee in bankruptcy. The effect of the contract was held to be that the materials thus brought upon the ground and appropriated to the building were impressed with a charge or interest in favor of the Duplan Company consistent with the contractor's qualified ownership, but commensurate with the requirement that they should furnish security to the owner for the performance of the contract and for advances made.

In this view of the mutual rights of the parties, it was held that no unlawful preference had been created by the advances that were made. There was no new and independent contract, but merely a recognition of the old contract and a furtherance and consummation of its intent. The court turned then to the contention of counsel for Spencer, the trustee, to the effect that, even although this contract might be good between the parties and their immediate representatives, it could not bind bona fide judgment creditors, and that, as these could have levied upon the materials without regard to the contract, the trustee had ac-

quired an unqualified title therein. This contention was rejected as based on an erroneous assumption, and the court held that the property could not have been levied upon and sold under judicial process against the contractor, whether issued on general grounds or on the particular ground that the possession of the Duplan Company was not sufficient to support its claim against the contractor's creditors. On the contrary, the court declared that the goods thus delivered upon the premises were sufficiently in the owner's possession to protect the interest that resulted from the agreement; they were in the owner's possession as fully as they could be consistently with the contractor's right to use them in the building. Materials thus delivered were notoriously in the qualified possession and ownership of an owner of the freehold, and the formal creation of a charge or interest in his favor, or the making of a conveyance to him, would not require, or indeed permit, any further delivery or change of possession for the purpose of taking the case out of the mischiefs aimed at by the statutes against fraudulent transfers. The contract between the parties was such that the contractor could not have disposed of the property in violation of his obligation under the building agreement, and he could have been prevented in equity from so doing; and it was also true that a creditor could not have seized the property in opposition to the right of the owner.

If this course of reasoning be sound—and it is the law of this court, from which we have no present intention to depart—the Duplan Case rules the controversy in hand, and the amendment of 1910 has not given the trustee a right superior to the right of the Van Raalte Company. Under this amendment, the trustee takes the status of a lien creditor as of the time the petition in bankruptcy was filed (Border Nat. Bk. v. Coupland [C. C. A. 5] 240 Fed. 355, —— C. C. A. ——), and such a lien would have been subordinate to the owner's right. The essential features of sections 4 and 9 are the same as the features in the earlier decision, and the other facts do not materially differ. We need not discuss situations that are not before us; our decision is restricted to the facts presented on this record.

The order is affirmed.