In re KOMARA.

DRABANT v. CURE.

(Circuit Court of Appeals, Third Circuit. May 16, 1918.)

No. 2359.

BANKRUPTCY ⊙⇒175—TITLE TO PROPERTY—SALE BY BANKRUPT.

> Under the law of Pennsylvania a sale of personalty by a bankrupt in good faith to his mother-in-law, with whom he and his wife lived as one family and for whom he worked, is not invalid as to creditors because there was no visible change of possession.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

In the matter of John Komara, bankrupt, John W. Cure, trustee. Appeal by Mary Drabant from a decree awarding a fund in court to the trustee. Reversed.

J. Julius Levy and Harry Needle, both of Scranton, Pa., for appellant.

J. E. Sickler, of Scranton, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involved the disposition of a fund in the bankruptcy court. Such fund was the proceeds of the sale of certain personal property which came into the possession of John W. Cure, trustee in bankruptcy of John Komara, which property was also claimed by Mrs. Mary Drabant. The claim of the latter was, by consent of the parties, referred by the court to a referee as

special master, who reported against the claim of Mrs. Drabant. On exceptions to his report the court adopted the report of the master and entered a decree awarding the fund to the trustee. Thereupon Mrs. Drabant took this appeal.

The questions before us fall within a narrow compass. Mrs. Drabant was the mother-in-law of Komara, the bankrupt, and they had a common home on a farm. The proofs tended to show that Mrs. Drabant more than four months prior to bankruptcy, in good faith, purchased from her son-in-law certain farm implements and stock used on the said farm, and received certain bills of sale therefor. After the purchase of such property it remained on the farm as it theretofore had been, and while Mrs. Drabant exercised control and ownership of it, the property was used by John Komara, who worked for her. In this general situation of the parties and the property, the master held that Mrs. Drabant's title under the bill of sale would not avail because of a lack of change of possession. In that regard the referee held, and the court adopted his opinion as the opinion of the court, that:

"Notwithstanding claimant's contention that she loaned large sums of money to John A. Komara, and secured from him in return two bills of sale transferring the title in his personal property to her, she was in my opinion to go farther; by leaving the vendor in possession and neglecting to do anything to indicate a change of ownership, she made the proceedings invalid as against creditors."

In so holding we are of opinion the master failed to give due regard to the decisions of the Supreme Court of Pennsylvania which govern a situation like the present, namely, where there could not be a valid sale of personal property made between persons who lived together in a common family, unless their family relation was broken up, and either the vendor or vendee gave up his or her home. Who was to do it in this case—the old woman of 70, whose money had bought and paid for the property, or the daughter's husband, whose labor to use the property was necessary? Is such dismemberment of a common home necessary, under the Pennsylvania decisions, to make a sale of personal property valid as between persons thus situate? Clearly not. Undoubtedly the Pennsylvania decisions, from Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346, with the intervening cases, to Barlow v. Fox, 203 Pa. 114, 52 Atl. 57, hold that retention of possession when actual delivery is practical is a fraud in law, and will not avail against creditors. But, on the other hand, there is a line of cases arising out of situations where change of possession was not practicable and possible. McKibbin v. Martin, 64 Pa. 352, 3 Am. Rep. 588; Huffman v. McIlvaine, 13 Pa. Super. Ct. 108. In such cases, viz., where change of possession is not practically possible, it is not required. The general principle of such cases is best illustrated by McClure v. Forney, 107 Pa. 414, which, so far as material facts are concerned, is not unlike the situation in the court below. In that case the syllabus states the facts as follows:

"An insolvent father sold his daughter a mare for a valuable consideration, which was promptly paid. The father and daughter lived together on a farm, and the mare was kept at the time of the purchase with the father's other

live stock. No formal transfer of possession ever took place. The mare remained upon the farm, and was kept and used as before by the father and daughter and other members of the family. * * * It was testified * * * that after the sale the father used the mare as before—as one witness said, 'most all the time'; that on one occasion he claimed to own her, and offered to sell her as his property; and that the blacksmith's bill for shoeing her was charged to his account. * * * The father and daughter separated; the daughter moving to another farm and taking the mare with her. The father continued, however, to occasionally use the mare."

Referring to such state of facts, the court said:

"In determining the kind of possession necessary to be given to the vendee, to be good against the creditors of the vendor, regard must be had not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property. No such change of possession as will defeat the fair and honest object of the parties is required."

From the above it will be seen the referee was in error in holding, as he did, that Mrs. Drabant, who lived on the farm with her son-in-law, "by leaving the vendor in possession and neglecting to do anything to indicate a change of ownership, made the proceedings invalid as against creditors," and by failing to apply to this case the principle of the Pennsylvania decision cited above, namely:

"Regard must be had, not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property. No such change of possession as will defeat the fair and honest object of the parties is required."

Finding, as we do, the good faith of the parties, and that the change of possession the master held necessary would have defeated the fair and honest sale the parties had in view, we are of opinion the proceeds of the personal property sold should have been awarded Mrs. Mary Drabant, its owner.

The decree below will therefore be reversed, and the cause remitted for further proceedings in accordance with this opinion.