In re P. J. SULLIVAN CO., Inc. (two cases).

Petitions of CITY OF SYRACUSE et al.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

Nos. 11, 12.

1. CONTRACTS ⬅306(3)—BUILDING CONTRACTS—CONSTRUCTION.

Though a contract for the installation of plumbing in a school building authorized the city, in case of the contractor's default, to take over the work and use materials, *held*, that materials at the site must be deemed in the possession of the contractor, and until the city took over the same the contractor might recover them, or its creditors levy execution thereon.

2. CHATTEL MORTGAGES ⬅194—FILING—NECESSITY.

The provision, in a contract for the installation of plumbing in a city building, that the city might take over and use the equipment at the site, and the contractor's assignment of the same to its surety, *held* to give the city and surety no rights, except on the theory of chattel mortgages; so neither were entitled to the equipment as against creditors of the contractor, the contract and assignment not having been filed as chattel mortgages, as required by Lien Law N. Y. § 230.

3. PLEDGES ⬅11—DELIVERY OF POSSESSION—NECESSITY.

Though a contract for the installation of plumbing in a municipal building authorized the city to take over equipment in event of the contractor's default, and contractor, to secure bonding company against loss, had assigned to it all equipment on the site, *held*, that there was no valid pledge, which either the city or the bonding company might enforce; there having been no delivery of possession, which is essential to a pledge.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4.** BANKRUPTCY ⟨⟩⟩205—TRUSTEE—RIGHTS OF.

Under Bankruptcy Act July 1, 1898, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), and in view of sections 67a and 70a (5), being Comp. St. §§ 9651, 9654, *held*, that the trustee of a bankrupt contracting company was entitled to property at site of a building, where contracts between contractor and owner and contractor's surety, assigning to them materials, were not recorded, so as to be valid as chattel mortgages, and there was no delivery of possession, so that they could be enforced as a pledge.

Petitions to Revise Orders of the District Court of the United States for the Northern District of New York.

In the matter of the P. J. Sullivan Company, Incorporated, bankrupt. Petitions by the City of Syracuse and the Massachusetts Bonding & Insurance Company, and by the City of Syracuse and others, to revise orders of the District Court (247 Fed. 139), directing the delivery to H. A. Whiting, trustee, and Frank B. Hodges, ancillary receiver, of certain property. Orders affirmed.

Costello, Burden, Cooney & Walters, of Syracuse, N. Y., for Sullivan Co.

S. F. Hancock, of Syracuse, N. Y., for city of Syracuse and commissioners.

Gannon, Spencer & Michell, of Syracuse, N. Y., for bonding companies.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The first cause is a petition by the city of Syracuse and the Massachusetts Bonding & Insurance Company for revision of an order of Judge Ray that H. A. Whiting, trustee, and Frank B. Hodges, ancillary receiver in bankruptcy of the P. J. Sullivan Company, Incorporated, recover of the city $1,550 value of material belonging to the bankrupt used by it and that they are entitled to certain tools and equipment in the possession of the receiver, but claimed by the bonding company.

December 8, 1916, the Sullivan Company, a corporation of the state of Massachusetts, was adjudicated a bankrupt on its own petition in the district of Massachusetts. Hodges was appointed ancillary receiver by the District Court for the Northern District of New York of the company's property in that district and Whiting was appointed trustee in bankruptcy by the District Court for the District of Massachusetts.

The case was tried summarily by consent of the parties upon a stipulation of facts, which is all we shall look at in determining whether the District Judge made any error of law.

October 21, 1915, the bankrupt entered into a contract to do certain plumbing in the Delavan School, belonging to the city, and the bonding company became surety for the faithful performance of the contract. To secure the bonding company against loss the bankrupt assigned to it all the tools, plant, equipment, and material that was then or ever should be located by the bankrupt at the site of the

school. The bonding company did not file this assignment as a chattel mortgage and never was in possession of anything on the site.

In the contract with the city it was provided that in case the bankrupt abandoned the contract the city might after three days' notice in writing take over the work and use the plant, materials and equipment at the site in so doing. If the work were completed at more than the contract price the bankrupt was to pay the difference to the city and if at less the city was to pay the difference to the bankrupt. This contract was not filed as a chattel mortgage.

[1] The evidence of abandonment of the contract by the bankrupt was its adjudication. Some time thereafter the city gave three days' notice in writing of its intention to complete the work, took possession of the materials, valued at $1,550, and used the equipment at the site in doing so. The city paid nothing for either and completed the work at a loss. We regard the material and equipment at the site as in the possession of the bankrupt for the performance of the work and not as delivered to the city and we think that before the city actually took possession the bankrupt could have removed the material and equipment or could have sold it and that its creditors could have levied execution upon it.

[2] The city can only recover on the theory that it has a chattel mortgage or that it was pledgee of the property in question. There can be no claim as for a chattel mortgage because there was no filing nor any delivery of possession as required by Lien Law N. Y. (Consol. Laws, c. 33), § 230:

"*Chattel Mortgages to be Filed.*—Every mortgage or conveyance intended to operate as a mortgage of goods and chattels or of any canal boat, steam tug, scow or other craft, or the appurtenances thereto, navigating the canals of the state, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, is absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, is filed as directed in this article. This article shall not apply to agreements creating liens upon merchandise or the proceeds thereof for the purpose of securing the repayment of loans or advances made or to be made upon the security of said merchandise and the payment of commissions or other charges provided for by such agreement, where the conditions specified in section 45 of the Personal Property Law are complied with."

[3] And there can be no claim of a pledge, because there was no delivery of the possession, which is essential to a pledge of chattels. Pledges of stock and securities stand upon a different footing. For the same reasons the bonding company can claim no lien because it never filed its contract as a chattel mortgage and never had any possession whatever of the property.

[4] No doubt between the parties and as against purchasers with notice equity would complete and perfect these imperfect titles to the after-acquired property, but it would not do so as against general creditors. American Can Co. v. Erie Preserving Co., 183 Fed. 96, 105 C. C. A. 388. Or if the city and the bonding company had taken possession before the adjudication their claims might have been recognized and sustained. But upon adjudication the trustee, under

section 47a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557), as amended in 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [Comp. St. § 9631]), no longer stands merely in the shoes of the bankrupt, but—

"as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

So under section 70a (5), being section 9654, upon adjudication the trustee became vested with the title of the bankrupt to property "which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him," and section 67a (section 9651) provides:

"*Liens.—a* Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

The District Judge followed the decision of the Court of Appeals of New York in Titusville Iron Co. v. City of New York et al., 207 N. Y. 203, 100 N. E. 806. In it the contract between the bankrupt and the board of education provided that in case of abandonment of the contract by the contractor the board might complete the work and use all materials on the line of the work in so doing. After adjudication the board did take and install certain boilers which were on the line of the work but were not there and did not belong to the bankrupt at the time the contract was executed. The assignee of the trustee in bankruptcy brought suit for conversion. The court held that he was entitled to recover. Judge Mayer in the case of Midtown Contracting Co. (D. C.) 238 Fed. 871, reversed upon a question of jurisdiction in Re Southern Arizona Smelting Co., 240 Fed. 50, 153 C. C. A. 83, followed the New York decision, and we agree with the views on that point there expressed by him and by Judge Ray in the instant case.

The trustee relies upon two decisions of the Circuit Court of Appeals for the Third Circuit to the contrary. Duplan Silk Co. v. Spencer, 115 Fed. 689, 53 C. C. A. 321, decided before the amendment of 1910 to section 47a, and In re Shelly, 242 Fed. 251, 155 C. C. A. 91, decided subsequently. In the first the owner made an additional advance of $15,000 to the contractor not called for by the contract, on the strength of the material then at the site. The court regarded this as a delivery of possession and specific appropriation of this property on the owner's premises to the owner for the advance, which gave its claim priority over the rights of the trustee under sections 67a and 70a (5). In the second case the principal inquiry was whether the amendment of 1910 required a different conclusion. The contractor in the latter case had agreed that—

"All work and materials delivered on the premises to form part of the works are to be considered the property of the owner, and are not to be removed without its consent; but the contractor shall have the right to remove all surplus materials after the completion of the work."

The court reaffirmed the proposition that delivery on the premises of the owner by the contractor under such an agreement was a delivery or quasi delivery of possession superior to the rights of the trustee, even if the owner did not take actual possession until after adjudication. It will be seen that the provisions of the contracts enforced were much stronger for the owner than are those of the contracts in the instant case.

Chief Judge Cullen, in refusing to follow the Duplan Silk Co. Case, pointed out an additional reason, viz. a difference between the contract in it and in the Titusville Iron Co. Case, in that in the Titusville, Case, if the owner completed the work for less than the contract price, the contractor was to lose the difference, which would amount to a forfeiture of unused material. We fail to see the importance of this consideration in a case where the work was completed at a loss and there was no forfeiture of anything. In such case there is no forfeiture of unused material; all the material being used in part performance of the contract. Equity might well refuse its help to carry out a forfeiture, and yet give it willingly to protect a fair claim.

The real difference between the courts is in the view taken of the effect of delivery by the contractor of materials on the owner's premises which the owner is given the right to use in completing the work.

In the second case, of the Vocational High School, the respondents are the board of commissioners of Vocational High School and the Fidelity & Deposit Company of Maryland; but there is no substantial difference of fact or of law between the two cases under consideration—certainly none to make the second stronger.

The order is affirmed in each case, with costs.