### ZEHNER v. SOUTHERN SURETY CO.

### In re FABER ENGINEERING & CONSTRUCTION CO.

(Circuit Court of Appeals, Third Circuit. May 9, 1921.)

No. 2685.

Bankruptcy ⟨⟩175—Trustee not entitled to personal property sold by bankrupt, where seller took possession prior to bankruptcy.

Under amendment of June 25, 1910, to the Bankruptcy Act (Comp. St. § 9586 et seq.), the trustee takes the status of a judgment-creditor as of the time when the petition in bankruptcy was filed; hence, where a Pennsylvania bankrupt, engaged in road construction more than four months before bankruptcy, executed to a surety company a bill of sale in præsenti of its personal property necessary for the work, and the surety company some two months before bankruptcy took possession thereunder the trustee in bankruptcy cannot recover the same, for under the Pennsylvania law the judgment creditor could not, after the buyer took possession, have levied thereon.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Petition by Gilbert F. Zehner, receiver of the Faber Engineering & Construction Company, bankrupt, against the Southern Surety Company. Decree for defendant, and petitioner appeals. Affirmed.

George C. Bradshaw, of Pittsburgh, Pa., for appellant.

Gifford K. Wright, and Alter, Wright & Barron, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case grows out of the bankruptcy of the Faber Engineering & Construction Company, and con-

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cerns a claim made by its trustee in bankruptcy to certain personal property in the possession, at the time the petition was filed, of a surety company and claimed by it under a bill of sale from the bankrupt company. The facts of the case are fully set forth in the opinion of the court below printed in the margin.[1] They show that the bill of

[1] The receiver has procured a rule upon the Southern Surety Company to show cause why certain property, consisting of tools and equipment used in constructing highways, which had been in the possession of the bankrupt should not be delivered to the receiver. The bankrupt had a contract with the state of Pennsylvania for the construction of a state highway in the county of Mercer, under date of June 10, 1919, and for the performance of said contract by the bankrupt the Southern Surety Company became the surety to the commonwealth. At the time of entering into the contract of suretyship, the bankrupt assigned said property to the surety as collateral, for the faithful performance of the contract. The form of that contract was in præsenti, and not in futuro. In other words, it was not an agreement to transfer the property at a future date. The bankrupt proceeded with the construction of the highway until perhaps some time in January, 1920, and received from time to time the moneys earned for the work as it progressed. In January, 1920, the surety took possession of all of the said equipment and retained possession thereof, subject of course to such right as the commonwealth of Pennsylvania had under its contract. The contract with the commonwealth provided that the compensation to be paid thereunder should be not alone for the performance of the work, but "for furnishing all materials, labor, tools and equipment." The contract with the commonwealth also provided that upon failure of performance of certain terms, the engineer for the highway department should give notice to the contractor and its surety of such default, and that upon the contractor's failure to comply with such notice the highway commissioner could take the work out of the contractor's hands and appropriate or use any or all materials and equipment on the ground, and complete the work, and should the cost of completion exceed the amount to be paid under the contract, the contractor and the surety should be liable to pay such excess.

On the 3d of April the petition in bankruptcy was filed, and a receiver appointed. Shortly after, the receiver presents his petition to this court, praying for an order upon the surety to deliver to the receiver the said property. Thereupon the surety files its answer. From the petition and the answer, upon both of which the cause has been heard, the foregoing facts are found.

We believe the law is with the defendant, and that the petitioner is not entitled to the possession of the property. While the record does not show that any action had been taken by the highway commissioner of Pennsylvania, yet it does show that the commonwealth of Pennsylvania has paid for the furnishing of the tools and equipment, and that under its contract it is entitled to retain such tools and equipment until the work is completed either by the original contractor and its surety or by some other contractor. This seems clear under the authorities in Duplan Silk Co. v. Spencer, 115 Fed. 689, 53 C. C. A. 321, in Re Shelley, 242 Fed. 251, 155 C. C. A. 91, and from the opinion filed by this court in Re Taylor, at 316 November Term, 1919, in equity. The claimant must rely upon the strength of his own title. It seems, however, that the rights of the commonwealth of Pennsylvania are superior to those of the claimant in this case.

Another view may be taken of this question. The claimant urges that the surety has procured a preference because it took possession of the property within four months of the filing of the petition in bankruptcy, and further that, because of the provision of the amendment to the Bankruptcy Law, passed June 25, 1910 (Comp. St. § 9586 et seq.), giving to a trustee the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, that the acquisition of the property in January could not avail the surety as against the trustee. We are satisfied that the law of Pennsylvania recognizes that contracts of pledge of personal property without delivery of

sale was made more than four months before the petition in bankruptcy was filed; that the goods were left in possession of the vendor company, but that some two months before bankruptcy, the vendee took, and has since kept, possession of them. It will be noted, therefore, that we have before us the question of the validity of a sale. and not the case of a preference violative of the Bankrupt Law.

possession to the pledgee, are valid between the parties. Christ v. Zehner, 212 Pa. 188, 61 Atl. 822; In re East End Mantel & Title Co. (D. C.) 202 Fed. 275. Of course, they are not valid as against creditors who are proceeding by legal process to subject the subject of the bailment or the subject of the sale to the payment of the debt of the conditional vendor, or of the bailor. The acquisition by the conditional vendee or by the bailee, as the case may be, before the rights of creditors have attached, cannot be disturbed thereafter, and therefore, in the present case, possession having been acquired in January, the surety came into possession of that to which it was entitled, before the rights of any creditors attached. But claimant insists that this case is ruled by the decision of the Supreme Court of Pennsylvania, in Bank of North America v. Penn. Motor Car Co., 235 Pa. 194, 83 Atl. 622. To this we cannot agree. There are exceptional facts in that case. Automobiles were pledged to the bank by the Motor Company, and not delivered in pursuance of the pledge. Litigation in the form of a writ of replevin became necessary, apparently, and was instituted a few days before the bankruptcy of the Motor Company. The determination of the liability upon the replevin bond and of the right of the plaintiff bank, as well as of other banks, to 18 cars alleged to have been pledged, of which 11 only were delivered, in pursuance of the writ, to the plaintiff, was then before the court when the receiver in bankruptcy intervened. Under the special facts of the case, the Pennsylvania court awarded to the receiver of the Motor Company all of the motor cars. A careful reading of the decision of the Supreme Court in that case shows that its conclusion was reached by a mistaken interpretation of the amendment to the Bankruptcy Law passed June 25, 1910. The court clearly takes the view that because that amendment gives to a trustee, with respect to property in the bankruptcy court and also as to all property not in the custody of the bankruptcy court, the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, and because the act authorizes the trustee to set aside unlawful preference obtained within the four months' period before the bankruptcy, that the two should be read together, and that the trustee had the right to the motor cars because within the period of four months immediately preceding the bankruptcy a creditor of the bankrupt could have levied on the same.

This decision of the Supreme Court of Pennsylvania was in 1912. In 1915 the Supreme Court of the United States had before it the case of Bailey, Trustee, v. Baker Ice Machine Co., 239 U. S. 268–275, 36 Sup. Ct. 50, 60 L. Ed. 275, a case involving the construction of the amendment aforesaid, and reached the conclusion that a trustee could not assail a contract of conditional sale filed prior to but within four months of the petition, on the ground that he has the status of a creditor, fastening a lien under the provision of state law, and this for the reason that the trustee acquires the status given to him by that amendment, only from the time of the filing of the petition.

We therefore must conclude that inasmuch as the property in question had passed into the hands of the surety in pursuance of a lawful contract made more than four months prior to the petition in bankruptcy, by which the surety's right to the property was fixed; and inasmuch as no creditor prior to that time had attempted to subject the same to levy or other process, and because after the delivery as aforesaid no such creditor could do so under the law of Pennsylvania, the trustee, having no higher rights than the creditors, could not do so.

Viewed in either aspect, the petitioner is not entitled to have possession of the property, and therefore his petition will be refused.

Now the title of the trustee in bankruptcy to this property is fixed by the bankrupt amendment of June 25, 1910 (Comp. St. § 9631), which provides that such trustee "as to all property not in custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." And the Supreme Court of the United States, in Bailey v. Baker, 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, has held "that the trustee takes the status of such a creditor as of the time when the petition in bankruptcy is filed."

The case, therefore, in substance resolves itself into narrow limits, namely, what, under the law of Pennsylvania, would have been the rights of a levying execution creditor of the Faber Engineering Company? No question of fraud or bad faith is involved. For a present and sufficient consideration, the Faber Company sold the personal property to the claimant, and while the latter did not take possession, this fact in no way affected the validity of the sale as between the two parties, and the buyer could therefore take possession thereof at any time. But by leaving the property in the hands of the seller, the buyer subjected them to levy and sale by an execution creditor of the seller. In that regard this court, in Re Komara, 251 Fed. 47, 163 C. C. A. 297, said:

"Undoubtedly the Pennsylvania decisions, from Clow v. Woods, 5 Serg. & R., 275, 9 Am. Dec. 346, with the intervening cases, to Barlow v. Fox, 203 Pa. 114, 52 Atl. 57, hold that retention of possession when actual delivery is practical is a fraud in law, and will not avail against creditors."

On the other hand, the Pennsylvania law is equally clear that, if in the interim of possession by the buyer no execution creditor of the seller levies and the buyer thereafter takes possession, the sale takes effect as of its date, Christ v. Zehner, 212 Pa. 192, 61 Atl. 822, and consequently the potential right of an execution creditor to levy necessarily ends.

We are of opinion the court below rightly adjudged the trustee in bankruptcy showed no title to these goods. Its decree is therefore affirmed.