## In re ALTIMUS.

(District Court, W. D. Pennsylvania. March 11, 1926.)

No. 12147.

Bankruptcy ☞175—Sale of household goods by bankrupt to his wife in good faith held not invalid, because there was no visible change of possession.

Under the law of Pennsylvania, a sale by one subsequently becoming bankrupt to his wife, in good faith, of household goods, is not invalid as to his creditors, because there was no visible change of possession.

In Bankruptcy. In the matter of Myles E. Altimus, bankrupt. On review of order of referee. Exception sustained.

Jesse C. Long, of Punxsutawney, Pa., for County Nat. Bank.

W. B. Adams, of Punxsutawney, Pa., for bankrupt.

SCHOONMAKER, District Judge. This case comes to the court on certificate to review the decision of the referee in bankruptcy, adjudging the personal property claimed by Velda M. Altimus to be part of the bankrupt estate. The following facts appear by the referee's opinion:

"Myles E. Altimus was adjudged a bankrupt on July 21, 1925. Velda M. Altimus, his wife, on July 18, 1919, acquired title to a certain lot of ground situate in the borough of Nanty Glo, Cambria county, Pa., and on February 4, 1925, made and delivered a mortgage to the Miners' & Merchants' Bank of Nanty Glo, on said lot of ground to secure the payment of $2,000. The money so derived was used in the payment of certain wage claims against her husband, the bankrupt. On February 14, 1925, the bankrupt executed and delivered to his wife, Velda M. Altimus, a bill of sale for certain household goods, title to which is the subject of this proceeding.

"There is no dispute as to the facts. The bankrupt admits that, at the time he delivered the bill of sale, he was in financial trouble, and the transfer of said goods was made to the claimant, in order to protect her in consideration of her securing the aforesaid amount of $2,000 for him."

The referee held this transaction to be a fraud in law against the creditors of Myles E. Altimus, the bankrupt, because it was a sale of personal property without delivery of possession. We think that in arriving at this conclusion he must have overlooked the decision of the Circuit Court of Appeals of this Circuit (In re Komara, 251 F. 47, 163 C. C. A. 297), where that court held, Judge Buffington delivering the opinion, that under the law of Pennsylvania a sale of a personalty by a bankrupt in good faith to his mother-in-law, with whom he and his wife lived as one family, and for whom he worked, was not invalid as to the creditors because there was no visible change of possession. We think that this case decides the instant case.

The exception to the finding of the referee must be sustained. An order may be entered accordingly.