## BOWKER v. BRAY et al.

District Court, D. New Hampshire.
Jan. 30, 1935.

Bernard Jacobs, of Lancaster, N. H., for bankrupt.

E. M. Bowker, of Whitefield, N. H., pro se.

MORRIS, District Judge.

In the above-entitled matter a petition was filed to determine the ownership of one trotting mare, claimed to have been sold by the bankrupt to the claimant, Alfretta Shields. The matter was referred to Raymond U. Smith, special master, to find and report the facts. The master's report was filed January 17, 1935, and with it an agreed statement of facts.

The essential facts appearing are as follows: Some years prior to May 26, 1932, the bankrupt owned a trotting mare known as "Estelle Dillon." On said May 26, 1932, said bankrupt then being in the hospital was unable to meet a payment on his life insurance, and by agreement with said Alfretta Shields, his mother-in-law, sold said mare to her for the sum of $249.98. The claimant was at that time and ever since has been living with the said Edwin C. Bray, and the mare was kept by the said Bray at his residence in Whitefield, from that date up to the date of his adjudication. So far as outward appearances are concerned there was nothing to indicate that there had been a change of ownership. The mare was trotted on various dates and occasions. During the large part of the time she was loaned to one Edgar Ingerson, who trained and worked her and received half the winnings. The other half of the winnings went to pay for her keep. The said bankrupt drove said mare on all occasions when entered in races.

It is agreed that the transaction was not entered into or intended for the purpose of defrauding creditors, unless it shall appear that the facts stated constitute fraud as a matter of law.

Under section 47a of the Bankruptcy Act (11 USCA § 75 (a), the trustee is invested with all property in the custody or coming into the custody of the bankruptcy court. He shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. As to all property not in the custody of the bankruptcy court he shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.

This was added to the original Bankruptcy Act by the amendment of 1910 (section 8). It covers a class of cases unprovided for by the original act, and it was intended to reach by amendment an interest in which no creditor had acquired a lien by legal or equitable proceedings and to vest in the trustee, for the interest of all creditors, potential rights of creditors potential with such lien.

Although the master does not so find, the transaction is of such a character that it raises a presumption in my mind that it was not a bona fide sale, but that it was intended to give the claimant a lien upon the mare rather than to transfer title to the claimant. If such in fact was the transaction, it is void as against the trustee. Burnett v. Frederick (C. C. A.) 263 F. 681. We can see no particular reason why the bankrupt's mother-in-law would desire to possess a trotting mare.

If, as the agreed statement of facts discloses, the transaction was an actual sale, then the question arises whether there was such a delivery and subsequent possession by the vendee as to put the property beyond the reach of attaching creditors. This is to be determined by the laws of the state. Knapp v. Milwaukee Trust Co., 216 U. S. 545, 30 S. Ct. 412, 54 L. Ed. 610; Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577; In re P. J. Sullivan Co., Inc. (C. C. A.) 254 F. 660.

We must now turn to the law of New Hampshire for a final determination of the issue presented. The law seems to be settled by a long line of decisions beginning with Coburn v. Pickering, 3 N. H. 415, 14 Am. Dec. 375, that a sale of personal property, in order to be valid against the creditors of the vendor, must be accompanied by an open, visible, and substantial change of the possession, such as to indicate a change of ownership; or else there must be a substantial explanation why the possession was not changed. As was said by Clark, J., quoting from an opinion by Bellows, C. J., in Putnam v. Osgood, 52

N. H. 148, 154: "What would be a sufficient explanation of the possession, as a general principle, has not been determined in this state." McDonough v. Prescott, 62 N. H. 600. In many cases what will not be a sufficient possession has been determined.

In the case of Parker v. Marvell, 60 N. H. 30, the plaintiff bought a wagon of one Taylor and paid for it January 23, 1877, but having no place to store it through the winter, he told Taylor that he could use it as he might have occasion if he would allow it to remain in his shed, to which Taylor assented. Bingham, J., says: "The arrangement was a secret trust, and fraudulent by inference of law. [Citing a long line of cases.] There is no satisfactory explanation of the vendor's possession. * * * The wagon was used by the vendor for more than a year, and from ordinary observation a neighbor or creditor would have supposed it to be the vendor's property." See Sanborn v. Putnam, 61 N. H. 506; Chamberlain Co. v. Tuttle, 75 N. H. 171, 71 A. 865, 25 L. R. A. (N. S.) 604; Cutting v. Jackson, 56 N. H. 253.

In the case of Plaisted v. Holmes, 58 N. H. 293, it was held: "If the vendor, in the sale of a horse, retain the sole or a concurrent possession of it after the sale, it is a secret trust, which being shown, fraud is an inference of law that the court is bound to pronounce; and it is not a sufficient explanation of such possession that the vendee, some two weeks after the sale, gave the vendor the right to use the horse if he would feed it."

The most that can be said of the facts presented in the instant case is that there was concurrent possession between the bankrupt and his mother-in-law.

Another case of concurrent possession is Sumner v. Dalton, 58 N. H. 295, where it is held that concurrent possession by the vendor and the vendee of a chattel is presumptively fraudulent as against creditors of the vendor.

As has been said, the doctrine of these cases has been too long established in the jurisprudence of New Hampshire to be changed by judicial decisions. Many other cases have been examined, but all seem to point to the same conclusions upon the state of facts in the instant case.

The conclusion is that the mare in question is a part of the bankrupt's estate and must be turned over to the trustee, and it is so ordered.